UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Azotic Coating Technology, Inc.,
a Minnesota corporation,

Plaintiff,

vs.

Signity Americas, Limited,
 a Delaware Corporation, and
Richard Pollak, an individual,

Defendants.

Civil No. _____

**Jury Trial Demanded**

---

## COMPLAINT

---

Plaintiff Azotic Coating Technology, Inc. ("Azotic Coating"), for its complaint against Defendants Signity Americas, Limited ("Signity") and Richard Pollak ("Pollak"), (collectively the "Defendants"), states and alleges as follows:

### THE PARTIES

1. Azotic Coating is a Minnesota corporation with its principal place of business at 921 37th Avenue NW, Rochester, Minnesota 55901.

2. On information and belief, Signity is a Delaware corporation with its principal place of business at 110 Wild Basin Road South, Suite 260, Austin, Texas 78746.

3. On information and belief, Richard Pollak is an individual residing at 3133 Via de Caballo, Encinitas, California 92024.

## JURISDICTION AND VENUE

4. This is an action for a declaration of noninfringement of two United States Patents under 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57.

5. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Signity and Pollak.

7. Venue is proper within this district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND FACTS

8. Signity claims that it owns all enforcement rights in United States Patents Nos. 6,635,309 entitled Process for the Color Enhancement of Gemstones (the "'309 Patent") and 5,888,918 entitled Method for Enhancing the Color of Minerals Useful as Gemstones (the "'918 Patent") (collectively the "Patents-in-Suit").

9. Pollak is the named inventor of the '309 and '918 Patents.

10. Azotic Coating makes, uses, sells and currently offers for sale gemstone enhancement processes.

11. By letter dated August 13, 2007, Signity and Pollak, through their attorney, Peter J. Gluck, charged, among other things, that Azotic Coating "appeared to be making, using, and offering for sale color enhanced gemstones, particularly cobalt products, including those under the allegedly proprietary *Mystopia*™ process that appear to be covered by at least United States Letters Patents Numbers 6,635,309 and 5,888,918." A true and complete copy of Mr. Gluck's August 13, 2007 Letter is attached hereto as Exhibit A.

12. The August 13, 2006 letter also warned that "[Defendants] formalize the legal notice that enforcement rights in these patents belong to Signity, and [Defendants] ask [Azotic Coating] to provide [Defendants] with a legally and technically sufficient explanation as to how [Azotic Coating does not infringe the Patents-in-Suit]" and went on to state that "Signity reserves the right to exercise all rights and remedies related to those subject matters and intellectual property rights enumerated in this letter, *inter alia*." *See* Exhibit A.

13. Such threats to initiate litigation against Azotic Coating have created an actual, substantial, and judiciable controversy between Azotic Coating and Defendants regarding Azotic Coating's noninfringment of the Patents-in-Suit.

14. Azotic Coating has not infringed any valid and enforceable claim of the Patents-in-Suit and seeks a declaration from this Court that it has not infringed any valid and enforceable claim of the Patents-in-Suit.

15. The above allegations are incorporated in the claims below.

## COUNT ONE
### (Declaratory Judgment of the '309 Patent)

16. There is a substantial and continuing justiciable controversy between Azotic Coating and Defendants as to whether any of Azotic Coating's gemstone enhancement processes infringe any valid and enforceable claim of the '309 Patent.

17. Azotic Coating's gemstone enhancement processes do not infringe any valid and enforceable claim of the '309 Patent.

18. The Court should issue a declaratory judgment stating that no valid and enforceable claim of the '309 Patent is infringed by Azotic Coating because of the making, offering for sale, selling, or using of any of its gemstone enhancement processes.

## COUNT TWO
### (Declaratory Judgment of the '918 Patent)

19. There is a substantial and continuing justiciable controversy between Azotic Coating and Defendants as to whether any of Azotic Coating's gemstone enhancement processes infringe any valid and enforceable claim of the '918 Patent.

20. Azotic Coating's gemstone enhancement processes do not infringe any valid and enforceable claim of the '918 Patent.

21. The Court should issue a declaratory judgment stating that no valid and enforceable claim of the '918 Patent is infringed by Azotic Coating because of the making, offering for sale, selling, or using of any of its gemstone enhancement processes.

## JURY DEMAND

22. Azotic Coating demands a jury trial.

**WHEREFORE**, Azotic Coating respectfully requests the following relief:

A. Declare that Azotic Coating has not infringed any valid and enforceable claim of the '309 or '918 Patents.

B. Award Azotic Coating its attorneys' fees pursuant to 35 U.S.C. § 285 and costs of suit.

C. Award Azotic Coating such other and further relief as the Court deems just and equitable.


Dated:  August 21, 2007                     s/Molly O'Brien Loussaert
                                            Darren B. Schwiebert (#0260642)
                                            Molly O'Brien Loussaert (#0321230)
                                            FREDRIKSON & BYRON, P.A.
                                            200 Sixth Street South
                                            Suite 4000
                                            Minneapolis, MN 55402-1425
                                            (612) 492-7000
                                            (612) 492-7077 (Fax)

                                            ATTORNEYS FOR PLAINTIFF
                                            AZOTIC COATING TECHNOLOGY, INC.

4238035